### TOOHEY v SIMMONS et

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 9, 1938

Ragland, Dixon & Murphy, Cincinnati, for appellee.

George S. Hawke, Cincinnati, for appellants.

### OPINION

By HAMILTON, J.

This appeal is here directly from the Municipal Court of Cincinnati, and grows out of a private dissolution of The Simmons & Norris Company, a corporation; the plaintiff and defendants being stockholders therein.

The pertinent facts amount to this: The stockholders agreed to a private, voluntary dissolution and three liquidating trustees were appointed to carry out the liquidation thereof. Plaintiff owned 75% of the stock and the defendants owned 25% thereof.

The trustees found the net assets of the company to be $1,113.35, and awarded and turned over to the defendant William S. Simmons the whole amount of the said net assets, ignoring the plaintiff's right to a pro rata 75% thereof.

The lawsuit was to recover judgment for $862.11, being the sum equal to 75% of the net assets, plaintiff's pro rata share. The bill of particulars charged conspiracy and fraud on the part of the defendants and liquidating trustees.

The trial resulted in a judgment for the plaintiff for the full amount claimed.

During the trial at various stages and here the defendants, appellants, here, challenged the jurisdiction of the trial court, on the ground, first, that the suit was only cognizable in the Common Pleas Court, and second, that the action of fraud is chancery, and the trial court is without jurisdiction in chancery cases.

The answer to the first proposition is, that the exclusive Common Pleas Court jurisdiction is under §8623-85, GC, when corporate dissolution is sought under that section. This is not such a case. The dissolution was carried out by the parties by agreement, which they had a right to do, and does not involve the statutes but was purely voluntary, and this lawsuit was started some time after the dissolution was completed. The suit was for the recovery of money, and in effect is a suit for money had and received wrongfully by defendant. The charge of fraud and conspiracy was but an allegation of tortious acts, which does not change the action, which was, as above stated, for money only.

The amount of the claim is not in dispute, and the court having jurisdiction of the amount involved under §1558-6, GC, subdivision 8, and the plaintiff being entitled to her just share of the net assets from the person who wrongfully received it, the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.